UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
September 30, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL NO. SA-21-CV-160-OLG |
| ) | |
| ) | |
| MARLIN MEDICAL SOLUTIONS, LLC; ) | |
| SHAPA INC., d/b/a RITE CARE ) | |
| PHARMACY; VC PHARMACY, INC., ) | |
| d/b/a RITE CARE PHARMACY IV; ) | |
| DAVID MARLIN EDWARDS; SYED H. ) | |
| ZULFIQAR; and LATISHA ROWE, M.D. ) | |
| ) | |
| Defendants ) | |

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

On this date the Court considered the report and recommendation of United States Magistrate Judge Henry J. Bemporad, filed in the above-styled and numbered cause on June 14, 2024. Docket no. 140.[1] The parties were served with a copy of the recommendation, and no objections have been filed.[2] Where no party has objected to the Magistrate Judge's recommendation, the Court need not conduct a de novo review.[3] Instead, the Court need only review the recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221

---

[1] After the recommendation was issued, the United States and Defendant Rowe attempted to settle the claims against Rowe. They were unable to reach an agreement. Docket nos. 147, 151, 154.

[2] A party desiring to object to a magistrate judge's findings and recommendation must file and serve written objections within 14 days after being served with the recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Service is made to the last known address of the party or her attorney, and service by mail is complete upon mailing. FED. R. CIV. P. 5(b). It is incumbent on all parties to keep the Court apprised of their current address.

[3] On August 9, 2024 – long after objections were due – Defendant Rowe filed an advisory indicating her awareness of the pending motion for summary judgment. Docket no. 154. However, she neither responded to the motion, even after being ordered to respond, nor filed objections to the recommendation. Defendant's statements in her advisory – that she "request[s] the opportunity to face [her] accuser in a full trial" and "summary judgment could jeopardize [her] ability to accept Medicare and Medicaid" – are too global and lack the specificity required to invoke de novo review.

(5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Court has reviewed the report and recommendation and finds that the recommendation should be ACCEPTED pursuant to 28 U.S.C. § 636(b)(1).

It therefore ORDERED that the United States' Motion for Summary Judgment (docket no. 118) is GRANTED on Counts I and II of the First Amended Complaint for the reasons stated in the recommendation.[4]

It is further ORDERED that the United States is entitled to judgment against Defendant Rowe on Counts I and II of the First Amended Complaint and is awarded three times the amount of $503,619.66 in reimbursements that TRICARE paid for the false claims submitted based on Dr. Rowe's prescriptions, plus a civil penalty of $5,500 for each of the 69 false claims (including refills) submitted, for a total of $1,890,358.98.[5]

The Clerk of the Court shall serve notice of this order on the parties, pursuant to Fed. R. Civ. P. 77(d)(1), and the Clerk shall keep Defendant Rowe's name on the docket for notice purposes until after final judgment is entered.

SIGNED and ENTERED on the 30 day of September, 2024.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

[4] With respect to the other claims asserted against Defendant Rowe, Count III was previously dismissed voluntarily (docket no. 49) and Count IV was dismissed by the Court (docket no. 78). Thus, all claims against Defendant Rowe are resolved.

[5] Because the relief granted herein is interlocutory, counsel for the United States should ensure that such relief is reflected in a proposed form of judgment, which may be submitted for the Court's consideration when all claims against the remaining parties are resolved.